UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARY McPARTLAN-HURSON,

                        Plaintiff,

-against-

WESTCHESTER COMMUNITY COLLEGE, and
WESTCHESTER COUNTY,

                        Defendants.

13-CV-2467 (NSR)(LMS)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Mary J. McPartlan-Hurson ("Plaintiff") commenced this action against Defendants Westchester Community College ("WCC") and Westchester County (the "County") (collectively "Defendants") by filing a Summons and Complaint with this Court on April 12, 2013. (*See* Complaint, ("Compl."), ECF No. 1.) Plaintiff's Complaint asserted causes of action grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (the "ADA"). Plaintiff alleged that WCC discriminated against her on the basis of her race and disability when they denied her a diversity fellowship for the Fall 2009 semester and subsequently terminated her in December of 2009, and claimed that her termination also amounted to retaliation. By Order dated June 20, 2018, this Court ruled on Defendants' Motion for Summary Judgment, granting it in part and denying it in part. (*See* Opinion & Order, dated June 21, 2018 ("SJ Decision"), ECF No. 153.). Specifically, the Court granted Defendants' Motion dismissing Plaintiff's race and disability discrimination claims, (*id.* at 18-24, 31) but denied the Motion with respect to Plaintiff's retaliation claims. (*Id.*



at 24-31.). Subsequently, the Court set a trial date for Plaintiff's retaliation claims for November 9, 2018.

On September 25, 2018, Plaintiff filed her first pre-trial motion *in limine*, in which she sought to preclude Defendants from introducing written evaluations of Plaintiff, which were completed by students for each semester she taught, as well as electronic summaries of those written student evaluations. (*See* Plaintiff's Memorandum of Law in Support of her Motion in Limine, ("Pl. Mem."), ECF No. 157). She also sought to preclude Defendants from offering any evidence that mentioned, referred to, or attempted to convey to the jury in any manner, directly or indirectly, the content or substance of the written student evaluations and their electronic summaries. (*Id.*) By order dated October 9, 2018, the Court denied that motion, finding that the student evaluations were relevant to showing the employer's reason for terminating Plaintiff. (*See* Opinion and Order, ECF No. 161).

Presently before the Court is Defendants' pre-trial motion *in limine*, in which they seek to: 1) exclude any evidence of Plaintiff's claims that the County discriminated against her on the basis of race or disability, and 2) preclude Plaintiff's expert witness from testifying at trial as to his analysis wherein Plaintiff would be appointed to a Full-Time Professor Position as an Assistant Professor at the College. (*See* Def. Mot., ECF No. 162.) For the following reasons, the Defendants' motion is GRANTED in part and DENIED in part.

## BACKGROUND

The Court assumes familiarity with the facts and allegations in this case. *See e.g.*, *McPartlan-Hurson v. Westchester Community College, et al.*, Case No. 13-CV-2467 (NSR), (S.D.N.Y. June 21, 2018). Accordingly, it turns to the merits of Defendants' Motion.

## DISCUSSION

### I. Legal Standard

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F.Supp.2d 173, 176–77 (S.D.N.Y.2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir.1996). "Because a ruling on a motion *in limine* is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in preparation for trial." *United States v. Perez*, No. 09–CR–1153 (MEA), 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011) (quoting *Palmieri*, 88 F.3d at 139 (quoting *Luce*, 469 U.S. at 41, 105 S. Ct. at 163)).

The Federal Rules of Evidence provide that only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence . . . and the fact is of consequence in determining the action." Fed. R. Evid. 401 (a)–(b). Relevant evidence may still be excluded by the Court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Though the "standard of relevance established by the Federal Rules of Evidence is not high," *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir.1985), the Court has "broad discretion to balance probative value against possible prejudice" under Rule 403. *United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir.2008).

## II. Application

### 1. Evidence Related to Plaintiff's Claims of Discrimination

Relying on Fed. R. Evid. 402 and 403, Defendants argue that the Court should exclude any evidence of Plaintiff's claims that the County discriminated against her on the basis of race or disability because "such allegations have previously been dismissed by this Court and would only seek serve to inflame, insight and prejudice the jury against the County." (Defendants' Memorandum in Support of their Motion in Limine, ("Def. Mem."), at 3.) Specifically, Defendants request that the Court make a jury instruction at the beginning and end of trial "that any alleged discrimination by the County against Plaintiff based on race and/or disability have been dismissed by this Court as a matter of law and that such claims have no basis in fact or law." (*Id*. at 1.)[1]

---

[1] Defendants propose jury instruction similar to the following::

You may hear [or have heard] that Plaintiff alleged to the County that she was being discriminated against based on her race – the fact that she is white and her disability – the fact that she was born with half a left arm. I am instructing you that there is absolutely no merit to any of the claims of discrimination by the County against the Plaintiff and this Court has already determined as a matter of law and fact that such claims have no merit. You are here to determine only whether Plaintiff has proven by a preponderance of the evidence [which I will define for you later or I have defined for you] that any alleged, unfounded allegations of discrimination made by Plaintiff, if communicated to the County, were a motivating factor in Plaintiff not being offered any additional adjunct classes at the College.

(Def. Mem. at 5.)

4

Plaintiff argues the opposite. She claims that she needs all evidence related to her *belief* that Defendants' discriminated against her on the basis of race, including evidence related to Defendants': 1) decision not to appoint her to the Ford Fellowship in Fall 2009 and 2) hiring of Cynthia Robinson to a full-time faculty position in the English Department. (Plaintiff's Memorandum Opposing Motion in Limine, ("Pl. Mem."), at 1-3.) She argues that such evidence is necessary to show that she engaged in protected activity and had a good faith belief that the conduct that she complained about violated Title VII. (*Id*.)

As to Defendants' proposed jury instruction, Plaintiff argues that such a jury instruction would mislead, confuse and prejudice the jury by leading them to believe that a federal judge "thinks very little of her claims" (*Id*. at 7.) The Court agrees with parts of Plaintiff's argument. The Court first addresses the admission of evidentiary exhibits related to Plaintiff's underlying discrimination claims and then addresses Defendants' jury instruction request.

### i. Exclusion of Exhibits

To make out a claim of retaliation under Title VII, a Plaintiff must show: 1) participation in a protected activity; 2) the defendant's knowledge of the protected activity; 3) an adverse employment action; and 4) a causal connection between the protected activity and the adverse employment action. *Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 173 (2d Cir.2005).

Although Plaintiff is correct that she needs to establish "participation in a protected activity" to make a *prima facie* claim for retaliation, she overemphasizes the extent to which she needs evidence of the underlying alleged acts of discrimination to demonstrate that she had a "good faith reasonable belief" that Defendants violated Title VII. The Second Circuit has repeatedly

5

explained that "the plaintiff's burden of proof as to this first step [is] 'minimal' and 'de minimis.'" *Zann Kwan v. Andalex Grp. LLC,* 737 F.3d 834, 844 (2d Cir. 2013); *Jute v. Hamilton,* 420 F.3d at 17; *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 111 (2d Cir. 2010) ("An employee 'need not establish that the conduct she opposed was in fact a violation of Title VII, but rather, *only that* she had a good faith, reasonable belief that the underlying employment practice was unlawful.'") (emphasis added).

That said, Plaintiff needs to be able to offer some subjective *and* objective proof to show that under the totality of circumstances, it was reasonable for her to believe that Defendants violated Title VII. *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.,* 136 F.3d 276, 292 (2d Cir. 1998) ("The reasonableness of Plaintiff's belief is to be assessed in light of the totality of circumstances."); *Reed v. A.W. Lawrence & Co*., 95 F.3d 1170, 1179 (2d Cir. 1996) (explaining that a jury must find that a plaintiff subjectively believed there was an unlawful employment practice *and* that the record as a whole must provide evidence that such a belief was objectively reasonable).

Accordingly, the Court finds that it is permissible for Plaintiff to offer proof that she applied for the Fellowship in 2009, she was denied the Fellowship in 2009, she complained about being denied the Fellowship due to racial discrimination, due to information that Plaintiff *personally knew* about the hiring of Cynthia Robinson, *Plaintiff believed* that she was subjected to racial

discrimination at the time she complained about it,[2] Plaintiff re-applied to the Fellowship in 2010, Plaintiff was again denied the Fellowship and was also terminated.

In holding that evidence related to the circumstances surrounding Plaintiff's application and denial of the Fellowship in 2009 can be used as "background evidence to support the actionable claims," the Court does not find the numerous exhibits related to the English Department's internal operations, polices, or internal deliberation process in 2009 relevant to Plaintiff's retaliation claim, particularly when she did not herself have access to such information at the time she made her complaints that she was discriminated against. Accordingly, such exhibits will generally not be admissible.

In light of these guidelines, while Defendants have raised numerous objections to specific exhibits that Plaintiff seeks to admit at trial, the Court declines to rule on their admissibility at the present moment and will make specific rulings, as needed, during trial.

---

[2] Defendants seek to exclude all evidence related to the hiring of Cynthia Robinson on grounds that: 1) Plaintiff "did not allege any claims relating thereto in her Complaint" and 2) Plaintiff already testified "under oath at her deposition that she did not make any complaints regarding Ms. Robinson to Mary Anne Vent (or anyone)." (*See* Defendants' Reply, ECF No. 170, at 4.) The Court rejects both these arguments. The Court rejects Defendants' first argument because Plaintiff does not need to have made a separate claim in her Complaint regarding the propriety of hiring Ms. Robinson in order for it to color the objective basis of her reasonable belief of retaliation. Plaintiff's Complaint also does not need to include every bit of evidence and reasoning that supports her retaliation claim. Second, to the extent that Plaintiff already testified in her deposition that she did not complain to any faculty about the hiring of Ms. Robinson, the Court is not allowing *all evidence* related to Ms. Robinson's hiring to be admitted wholesale. Plaintiff will be allowed only to seek introduction of evidence that shows that something *Plaintiff personally knew* related to Ms. Robinson's hiring *gave Plaintiff an objectively reasonable belief that she was subject to racial discrimination* at the time that she complained about it. To the extent Defendants note that Plaintiff already testified that she did not raise this issue with Vent, either Plaintiff will not be able to adduce contrary evidence or Defendants may enjoy their prerogative to impeach Plaintiff or contest the reliability of her evidence. It is not, however, the province of the Court to exclude evidence that may contradict a witness's prior deposition testimony.

### ii. Jury Instruction

With regards to Defendants' request for the jury instruction, the Court grants this request to the extent that it will inform the jury that the *only* claim before the Court is Plaintiff's claim for retaliation and that none of Plaintiff's previous claims for discrimination are currently before this Court. The Court will not, at the start of trial, instruct the jury that "this Court has already determined as a matter of law and fact that [Plaintiff's discrimination] claims have no merit." The Court need not determine the exact parameters of the jury instruction that will be made at the end of trial at this moment. Thus, to the extent that Defendants' post-jury instruction request is denied, it is denied without prejudice with leave to be renewed at the end of trial.

### 2. Preclusion of Plaintiff's Expert Report or Amendment of Expert Report

Plaintiff has already agreed to have her expert, Sheldon Wishnick, amend his expert report and provide a revised version of the damages report submitted by him, excluding calculations for damages from her position as Assistant Professor position, and only including potential damages, stemming from her position as an Adjunct Professor. (*See* Declaration of Howard Shragin, ("Shragin Dec."), at 1.) Therefore, the Court need not adjudicate this request.

Defendants note, however, that Plaintiff's proposed Exhibits include a copy of the *old* expert report, and not an updated report. (*See* Plaintiff's Proposed Exhibits 49 and 50.) Defendants further note that the parties have agreed that the issue of potential lost earnings will be addressed by the Court, not the jury. (Reply Declaration of Darius Chafizadeh, ("Reply Dec."), at 1 note 2.)

Accordingly, the Court orders that Plaintiff promptly submit an amended expert report, excluding calculations for damages from her position as Assistant Professor position, and only

including potential damages, stemming from her position as an Adjunct Professor. The Court further holds that Plaintiff's proposed Exhibits 49 and 50 are not to be admitted at trial.

Accordingly, Defendants' motion is GRANTED in part and DENIED in part.

## CONCLUSION

For the aforementioned reasons, Defendants' motion is GRANTED in part and DENIED in part. The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 162.

Dated: November 5, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge